## TOWNSHIP OF WOODBRIDGE, PROSECUTOR, v. ANDREW KEYES, RESPONDENT.

### Argued February 20, 1917—Decided April 7, 1917.

Section 27 of the Township act (*Comp. Stat., p.* 5582) enacts that at the annual election at which appropriations for township purposes are voted upon, a majority of all votes cast shall be required to determine the amount of money to be raised for such purposes. At an election held for that purpose, votes were cast for two different amounts for each specified object, and neither amount, taken by itself, had either a majority of the voters who voted at the election, or a majority of the votes cast on the question of appropriations. *Held*, that the method of determining which sum was adopted, is to add all the affirmative and negative votes on both propositions to find the total vote, and, as no sum received a majority, if only the affirmative votes for each proposition are considered, yet, as it is clear that all who voted for the larger sum voted for the smaller sum and something more, the two affirmative votes should be added together and counted for the smaller sum.

On rule for *mandamus*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the rule, *J. H. Thayer Martin.*

*Contra, John A. Coan.*

The opinion of the court was delivered by

SWAYZE, J. This is a rule for a *mandamus* to compel the township clerk to set up a statement certifying that certain amounts were appropriated for specified objects of expenditure at the annual election. The difficulty arises from the fact that votes were cast for two different amounts for each specified object, and neither amount, taken by itself, had the votes of a majority of the voters who participated in the election, or a majority of the votes cast on the question of appropriation. The votes for an appropriation for police illustrate the point. Five hundred and seventy-five votes were cast for

an appropriation of $6,000, and one hundred and twenty against it. Three hundred and sixty-three votes were cast for an appropriation of $8,500, and two hundred and eighty-six against it. Over one thousand four hundred votes in all were cast at the election. The applicant seeks to compel the clerk to certify that the $8,500 appropriation carried.

The Township act (*Comp. Stat., p.* 5582, § 27) enacts that a majority of all votes cast shall be required to determine an amount of money to be voted, granted or raised. Section 58 of the Election law of 1911 (*Pamph. L., p.* 317) enacts that whenever any question or proposition is submitted, if the voter shall make an X mark opposite the word "yes," it shall be counted as a vote in favor of the proposition; if he marks opposite the word "no," it shall be counted as a vote against the proposition; and in case no mark shall be made after either word, it shall not be counted as a vote either for or against such proposition. From this provision the relator asks us to draw the conclusion that the votes of those who did not vote on the larger sum cannot be counted for or against it; and as the larger sum had more votes for than against, it is said to have carried. The difficulty with the argument is that it proves too much; for it proves also that the smaller appropriation carried. In fact the argument is stronger for the smaller sum, since in each case, except the appropriation for the poor, there were more affirmative votes for the smaller than for the larger sums, and in the case of the appropriation for the poor there was a tie. We think this proposed solution of the difficulty is out of the question.

If we look at the facts as disclosed by the returns, we think the total vote cast on appropriations may fairly be ascertained by adding all the affirmative and negative votes on both propositions. It is true that some of the negative votes on one proposition may have been affirmative on the alternative proposition and may thus be counted twice in ascertaining the total. Fortunately, this chance of error is not enough to throw doubt on the result in the present case. Taking this total as our basis, no appropriation received a majority of all votes cast if only the affirmative votes for the particular

amount are considered; but that would be too narrow and mechanical a view. When we consider the intent of the voters, it is clear that all who voted in the affirmative, whether on the smaller or larger sums, voted for some appropriation; those who voted for the larger sum voted for the smaller sum and something more; those who voted for the smaller sum voted for that and no more. We do no violence to the intent of the voters by adding the two affirmative votes and counting the total for the smaller sums. We would do violence to the intent of the voters by taking another course. Adding the affirmative votes, we find a majority of the votes cast were in favor of or were content with the smaller sum. At any rate it is clear that a majority was not in favor of the larger amount; and that is all we need now decide. The *mandamus* must be denied.